OPINION
The present case involves a battle between the mother and father of a three-year-old girl, Jada Kiara Cooper-Brown. On August 30, 1999, the juvenile court established paternity and a support arrangement between the parties. Plaintiff-Appellant Terrance Brown is self-employed in a lawn care business that had netted well under $10,000 that year. Accordingly, the trial court imputed income of $10,920 per year and set child support at $135 per month. Further, the court held that Defendant-Appellee Sherita D. Cooper would be entitled to claim Jada on her 1999 and 2000 tax returns, while Brown would be entitled to claim her on his 2001 tax return, provided he remained current with his support and had at least $10,000 in income. The record contains no allegations or evidence that Brown has ever been behind in his support payments.
This case has arrived in our court as a result of opposing motions filed by the parties. The motions involved various issues, including visitation, support, tax exemption, contempt, et cetera. Several of the issues were resolved in two magistrate decisions, one on March 15, 2000 and the other on May 12, 2000. Those decisions are not disputed in this appeal.
On August 22, 2000, the magistrate conducted a hearing on the issues of support and tax exemption. As a result of this hearing, the magistrate issued a decision on September 21, 2000 in which it found that the current imputation of income for Brown would remain. In addition, the magistrate issued a seek-work order because his adjusted gross income for his lawn care business was just over $4,000, which the court found to be disadvantageous to Jada.
Furthermore, the magistrate stated the following regarding tax exemptions:
 As to the issues of tax deduction, the Obligor [Brown] would receive no benefits from the tax deduction with only $4,000. in net income, therefore tax deduction is awarded solely to the Obligee mother for the 2000 tax year until further order of the Court.
 Brown timely filed objections to the magistrate's decision, but did not file a transcript with the objections, preventing the trial court from considering any factual findings. The trial court overruled the objections on August 9, 2001. In that decision, the trial court stated that "Mr. Brown's tax return figures are below the $10,000 needed to claim the exemption."
Brown has appealed the decision of the trial court and while not concisely set forth in his brief, he has raised two issues for our review which are summarized as follows:
 The trial court erred in adopting the magistrate's decision to issue a seek-work order.
 The trial court erred by not allowing Brown to claim Jada as an exemption on his tax returns for 2001 as set forth in the August 30, 1999 decision.
We find the first of Brown's assignments of error to have merit, and therefore reverse the decision of the trial court.
 I
First, we must note that Brown did not file a transcript with his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The supreme court has recognized that if a party objecting to a magistrate report does not file a transcript with the trial court, an appellate review of the trial court's decision is limited to whether the trial court abused its discretion in adopting the magistrate's decision. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. Furthermore, the appellate court is precluded from considering the transcript on appeal. Instead, the appellate review involves "whether the trial court's application of the law to its factual findings constituted an abuse of discretion." Id.
In its initial support order of August 30, 1999, the magistrate, apparently finding that Brown was capable of earning minimum wage and was therefore under-employed, imputed income to him of $10,920. Based on the parties' relative salaries, Brown was ordered to pay support of $135 per month. In the most current magistrate decision, this amount was not disturbed, but the magistrate additionally determined that Brown's business was not earning a sufficient amount of money and therefore, the magistrate ordered him to seek work.
In this regard, R.C. 3113.21(D)(4) provides:
 If the obligor is unemployed, has no income, and does not have an account at any financial institution, or on request of a child support enforcement agency made under section 3111.231 of the Revised Code, the court shall issue an order requiring the obligor, if able to engage in employment, to seek employment * * *.
 The unambiguous language of this statute allows a trial court to issue a seek work order only if the obligor is unemployed or has no income or financial account. The only other circumstance which could require a seek-work order would be for the child support enforcement agency to request it. As evidenced in the record, Brown has never been delinquent in his support payments, so there would be no reason for the support agency to request such an order.
We agree with the trial court that when an individual is voluntarily under-employed, as in this case, imputation of income is proper. See,e.g. Hambach v. Hambach (Aug. 28, 2000), Stark App. No. 99CA396, unreported, at p. 2; Ward v. Ward (Dec. 17, 1999), Lake App. No. 98-L-181, unreported, at p. 2; Erskine v. Erskine (Dec. 16, 1994), Lucas App. No. L-94-049, unreported, at p. 2. It appears, though, that the trial court has confused the standard for imputation of income and seek-work orders. The statute does not provide for a seek-work order to issue when an individual is voluntarily under-employed, because by definition, he is actually employed. This is further evidenced by the statement of the Job Center Counselor who found that Brown's referral there was "improper." Accordingly, Brown's first assignment of error is sustained.
 II
In his second assignment of error, Brown appears to argue that the trial court erred in finding he was not entitled to take the 2001 tax exemption for Jada. The original support order issued August 30, 1999 found that Cooper was entitled to the exemption for 1999 and 2000 and that Brown was entitled in 2001, provided he remained current with his support and earned at least $10,000.
The language in the September 21, 2000 magistrate's decision found that the "tax deduction is awarded solely to the Obligee mother for the 2000 tax year until further order of the Court." That decision does not mention the 2001 exemption. The trial court then stated that "Mr. Brown's tax return figures are below the $10,000 needed to claim the exemption." Again, the 2001 exemption is not mentioned. We do not find anything in the magistrate's or the trial court's decision which modifies the August 30, 1999 order allowing Brown to claim the 2001 exemption provided he is current with his support and has earned at least $10,000 in income. Because we find that Brown was not aggrieved by that part of the trial court's decision, this assignment of error is overruled.
Based on the foregoing, the August 9, 2001 trial court's decision adopting the magistrate's report is affirmed in part and reversed in part in accordance with this opinion.
WOLFF, P.J., and FAIN, J., concur.